IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| National Specialty Insurance Company, individually and as assignee of Trans Select d/b/a Select Transport Systems, | ) ) ) | C/A No.: 3:09-1183-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AIG Domestic Claims, Inc.; and National Union Fire Insurance Company of Pittsburgh, PA, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on the defendants' motion to dismiss [dkt. # 18] plaintiff National Specialty Insurance Company's ("National Specialty") complaint as to defendant AIG Domestic Claims ("AIG"), and to dismiss its bad faith claim against National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). The parties fully briefed the motion and the court held a hearing on January 7, 2010, where the motion was taken under advisement. This order serves to announce the court's ruling.

I.    Factual and Procedural Background

        At some point prior to 2004, Select Transportation Systems ("Select") purchased a contract for liability insurance from National Specialty using the Jamison Group as its insurance agent. Select thereafter purchased two trucks that were never added to the National Specialty policy. The trucks were involved in separate accidents on April 5, 2004 and October 30, 2004. National Specialty alleges that it became liable to indemnify Select

under Federal Motor Carrier Safety Administration regulations despite the trucks never being added to the policy. National Specialty settled the April 5, 2004 claim for $277,500.00, and the October 30, 2004 claim for $105,574.62. Thereafter, National Specialty filed suit against the Jamison Group asserting negligence and obtained a default judgment on April 29, 2008 in the amount of $417,434.56 in a suit captioned <u>National Specialty Insurance Company, Individually and as assignee of Trans Select d/b/a Select Transportation Systems vs. The Jamison Group, Inc., and Marvin Williams</u>, 2007-CP-23-3705.

National Specialty filed the present case in the Richland County Court of Common Pleas on March 25, 2009 asserting claims for bad faith against National Specialty and AIG, and seeking declaratory relief to determine whether the errors and omissions insurance carrier of the Jamison Group, National Union, provides coverage for the default judgment.. The case was removed on the basis of diversity jurisdiction to United States District Court on May 5, 2009. In its answer, National Union admits the existence of the errors and omissions policy (the "National Union policy"), while maintaining denial of coverage. AIG admits that it is the authorized claims administrator for National Union.

II.   <u>Discussion</u>

A.   National Specialty Lacks Standing to Assert Bad Faith

The South Carolina Supreme Court, in <u>Nichols v. State Farm Mut. Auto. Ins. Co.</u>, 306 S.E.2d 616 (S.C. 1983), recognized the tort of bad faith refusal to pay benefits to named insureds. South Carolina allows a first-party claim by the insured against the insurer for bad

faith in processing claims for benefits due under a "mutually binding contract of insurance," Id., however it expressly disallows third-party bad faith claims. See Kleckley v. Northwestern Nat. Cas. Co., 526 S.E.2d 218 (S.C. 2000). In a similar vein, South Carolina does not recognize a cause of action for bad faith by the insured against an independent adjusting company, any such claim is imputed to the insurer. Charleston Dry Cleaners & Laundry v. Zurich American Ins. Co., 586 S.E.2d 586, 588–89 (S.C. 2003).

National Union argues that it is not party to any mutually binding contract for insurance with National Specialty. National Specialty admits as much, offering only its aspiration that it may one day secure an assignment of rights from the Jamison Group. In the absence of such an assignment, the court finds that National Specialty is a stranger to the National Union policy and lacks standing to pursue a bad faith claim under Nichols. See Kleckley v. Northwestern Cas. Co., 526 S.E.2d 218 (S.C. 2000) (finding that a third party to an insurance contract does not have standing to sue the insurer for bad faith); see also Whittington v. Nationwide Mut. Ins. Co., 208 S.E.2d 529 (S.C. 1974) (holding that a judgment creditor possesses no independent authority to assert claim of insured absent assignment).

The same rationale applies with equal force to National Specialty's bad faith claim against AIG. Neither AIG nor National Specialty were party to the policy issued by National Union, and therefore National Specialty cannot establish the existence of a mutually binding contract for insurance necessary to pursue its claim. Moreover, South Carolina does not

recognize a cause of action for bad faith against an independent adjusting company. For both of these reasons, National Specialty's claim of bad faith against AIG is dismissed.

B.     AIG is not a Party to the National Union Policy

National Specialty seeks a declaration that the National Union policy covers the incidents giving rise to this matter. However, no allegation in the complaint asserts a basis by which this claim could be vindicated against AIG. National Specialty has failed to provide evidence suggesting that AIG issued an insurance policy of any kind to any party to this case. National Specialty has also failed to produce a legal theory by which AIG would be liable to provide insurance coverage under the National Union policy. As argued in National Union and AIG's briefs—any insurance benefits owed under the National Union policy are owed by National Union and not AIG.

III.    Conclusion

For the foregoing reasons, National Union and AIG's motion to dismiss [dkt. # 18] is granted. The declaratory judgment action to determine coverage under the National Union policy remains as the only claim in this suit.

IT IS SO ORDERED.

January 14, 2010                               Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

4