IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| National Specialty Insurance Company, individually and as assignee of Trans Select d/b/a Select Transport Systems<br><br>Plaintiff,<br><br>v.<br><br>AIG Domestic Claims; and National Union Fire Insurance Company of Pittsburgh, PA,<br><br>Defendants. | C/A No. 3:09-1183-JFA<br><br>ORDER |

This matter comes before the court on plaintiff National Specialty Insurance Company's ("National Specialty") motion to [dkt. # 30] voluntarily dismiss all remaining claims against National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). The motion has been fully briefed and the court finds that oral argument will not assist the decisional process. For the reasons that follow, National Specialty's motion is granted.

I. Factual and Procedural Posture

At some point prior to 2004, Select Transportation Systems ("Select") purchased a contract for liability insurance from National Specialty using the Jamison Group as its insurance agent. Select thereafter purchased two trucks that were never added to the National Specialty policy. The trucks were involved in separate accidents on April 5, 2004 and October 30, 2004. National Specialty alleges that it became liable to indemnify Select

under Federal Motor Carrier Safety Administration regulations despite the trucks never being added to the policy. National Specialty settled the April 5, 2004 claim for $277,500.00, and the October 30, 2004 claim for $105,574.62. Thereafter, National Specialty filed suit against the Jamison Group asserting negligence and obtained a default judgment on April 29, 2008 in the amount of $417,434.56 in a suit captioned <u>National Specialty Insurance Company, Individually and as assignee of Trans Select d/b/a Select Transportation Systems vs. The Jamison Group, Inc., and Marvin Williams</u>, 2007-CP-23-3705.

National Specialty filed the present case in the Richland County Court of Common Pleas on March 25, 2009 asserting claims for bad faith against National Specialty and AIG, and seeking declaratory relief to determine whether the errors and omissions insurance carrier of the Jamison Group, National Union, provides coverage for the default judgment. The case was removed on the basis of diversity jurisdiction to United States District Court on May 5, 2009. In its answer, National Union admits the existence of the errors and omissions policy (the "National Union policy"), while maintaining denial of coverage. AIG admits that it is the authorized claims administrator for National Union.

On October 16, 2009, National Union and AIG Domestic Claims ("AIG") moved to dismiss all claims against AIG, and the claim of bad faith against National Union [dkt. # 18]. The court heard argument on the motion on January 7, 2010, where the motion was taken under advisement. On January 14, 2010, the court granted the motion to dismiss, leaving only the declaratory judgment action against National Union. On January 19, 2010, National

2

Specialty moved to voluntarily dismiss this case without prejudice; National Union opposes voluntary dismissal.

II.     Discussion

The general purpose of Rule 41 is to let a plaintiff start litigation over. See, e.g., McCall-Bey v. Franzen, 777 F.2d 1178, 1184 (7th Cir. 1985), Moore's Federal Practice § 41.10 (3d. 1997). Pursuant to Rule 41(a)(1)(A), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the defendant answers or files a motion for summary judgment, or the plaintiff files a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). In all other cases, including here, an action may be dismissed at the plaintiff's request only by court order and on terms the court considers proper. Fed. R. Civ. P. 41(a)(2).

A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice "should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986); see also Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). Prejudice of a sort to weigh in favor of denying a motion to voluntarily dismiss has been described as "plain legal prejudice." See Sox v. Estes Exp. Lines, 92 F.R.D. 71 (D.C.S.C. 1981), see also Moore's Federal Practice § 41.40[5][a]. The prospect of a second lawsuit, and its inherent delay, is not considered plain legal prejudice. Sox, 92 F.R.D. at 72. Plain legal prejudice is shown when actual legal rights are threatened or when monetary or other burdens appear to be extreme or unreasonable. See Moore's Federal Practice 41.40[6].

Additional factors commonly assessed when considering a Rule 41(a)(2) motion include: (1) the extent to which litigation has progressed, including the defendant's effort and expenses to date, (2) the plaintiff's diligence in prosecuting the action or in bringing the motion, (3) the duplicative expense of relitigation, and (4) the adequacy of plaintiff's explanation for the need to dismiss. Canzater v. Meyers, 2009 WL 1951813 (D.S.C. 2009); see also Moore's Federal Practice 41.40[6].

National Union, as the only remaining defendant, argues that the court should consider (1) National Union's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of National Specialty, (3) insufficient explanation of the need for voluntary dismissal, and (4) the present stage of the litigation.

National Union represents that it has expended approximately seventy hours defending this litigation; it has filed (1) a notice of removal, (2) an answer, (3) initial disclosures, (4) numerous discovery requests and responses, (5) and a motion to dismiss. National Union also alleges that National Specialty's lack of diligence in securing an assignment of rights from the Jamison Group has substantially delayed the proceedings, as National Specialty did not attempt to acquire an assignment prior to October 2009, some seven months after filing its summons and complaint.

Despite National Union's arguments, the court finds voluntary dismissal appropriate in this case. First, seventy hours spent defending this litigation, while hardly insignificant, cannot be said to impose unreasonable or extreme costs on National Union. Second, while

National Specialty's lack of diligence certainly played a role in delaying this litigation and could have been avoided, the confusion arising from the demise of the Jamison Group mollifies the effect of National Speciality's lack of industry. Third, National Specialty does not appear to intend to harass National Union, but rather to refile when its claims are more developed. Fourth, no summary judgment motions have yet been filed, the discovery period runs for another month, and trial is not scheduled to begin for a minimum of six months. Accordingly, the stage of the litigation is not prejudicially advanced.

The court notes that the National Specialty's failure to secure an assignment prompted its motion for voluntary dismissal, and that any costs incurred by National Union in defending the current litigation may, in the court's discretion, be awarded pursuant to Rule 41(d)(1) upon National Specialty refiling any claims brought in this action. Fed. R. Civ. P. 41(d).

III. Conclusion

For the foregoing reasons, National Specialty's motion to voluntarily dismiss is granted [dkt. # 30], and the case is dismissed without prejudice.

IT IS SO ORDERED.

January 28, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge